IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KINI COSMA,

                                                    Case No. 1:14-cv-01557-CL
                    Plaintiff,

        v.

                                                    **REPORT &**
                                                    **RECOMMENDATION**

MICHAEL & SHIRLEY MUNSON, d.b.a.
MUNSON MOBILE HOME PARK; STEVE
JONES; BRANDON LOVE; SANDRA
FIELDS; JELD-WEN; DOES 1-100, inclusive;


                    Defendants.
_____

CLARKE, Magistrate Judge.

        Plaintiff Kini Cosma ("Plaintiff") seeks to proceed *in forma pauperis* ("IFP") (#2) in this

action. For the reasons stated below, the Court recommends Plaintiff's IFP application be denied,

and her complaint dismissed.

## STANDARD

        Generally, all parties instituting any civil action in United States District Court must pay

a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. §

1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts

despite their inability to pay the costs and fees associated with that access. To authorize a litigant

to proceed IFP, a court must make two determinations. First, a court must determine whether the

litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it

must assess whether the action is frivolous, malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28

U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the

defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same

standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To

survive a motion to dismiss under the federal pleading standards, the complaint must state a short

and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state

a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for

more than a sheer possibility that a defendant has acted unlawfully." Id. The Court is not

required to accept legal conclusions, unsupported by alleged facts, as true. Id.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. Haines

v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se*

plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. Los

Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se*

litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

## DISCUSSION

Plaintiff's complaint is difficult to read. She names as defendants Michael Munson and Shirley Munson, who own the Munson Mobile Home Park in which Plaintiff resides as a tenant; Steve Jones ("Jones"), the "manager-landlord" of Munson Mobile Home Park and an employee of Jeld-Wen; Brandon Love ("Love") and Sandra Fields, residents of the Munson Mobile Home Park; Jeld-Wen, an Oregon business; and 100 unnamed defendants. Though not named as parties to the suit, the pleading also alleges misconduct on the part of "Klamath County state judges, Oregon Federal Magistrates, Klamath County law enforcement and the community at large in Klamath Falls, Oregon" as well as "law enforcement in Napa, California."

The bulk of Plaintiff's allegations relate to her rental agreement with Defendant Munson Mobile Home Park. As her first cause of action, Plaintiff asserts Defendant Jones has not "lived up to" Defendant Jeld-Wen's "mission statements, logos, and other written propaganda." Plaintiff asserts this "false advertis[ing]" caused her to live in unsafe conditions.

In her second cause of action, Plaintiff alleges Defendant Jones retaliated against her for exercising her right to peaceably enjoy her rental property. She asserts Defendant Jones "needs to be held responsible for not controlling his tenant's loud, obnoxious, and hostile actions[.]" She describes numerous altercations with one neighbor who parked his car in a manner that blocked her car and "deliberately clogged up the sewer so that waste and fecal matter backed up into Plaintiff's trailer." After this neighbor vacated the premises, Plaintiff asserts Defendant Jones hired a man to intimidate Plaintiff, block her driveway, and possibly sever her van's fuel line. Plaintiff states Defendant Love, who is a relative of Defendant Jones, revved his truck's engine

and exposed Plaintiff's guest to "noxious and malodorous fumes and soot." Plaintiff claims Defendant Jones gave Plaintiff a 30-day eviction notice when she complained to him about these events.

For her third cause of action, Plaintiff claims Defendants discriminated against her on the basis of her gender, sexual orientation, and opposition to unlawful activity. She alleges Defendants denied her the equal opportunity to enjoy the use of the Munson Mobile Home Park. To correct this, Plaintiff asks the Court to "grant household living arrangements away from tortious injuries with her three Mustangs[.]"

The complaint contains a number of extraneous facts and allegations that have no apparent relationship with Plaintiff's stated claims for relief. For example, she summarizes the events underlying this case as "another federal and state-managed campaign where Plaintiff's children were kidnapped and taken captive among Gentiles in order to separate them from their Jewish heritage." Many vague, incoherent, and conclusory allegations are interspersed within the body of the pleading. Plaintiff seeks to enjoin a public nuisance; asserts violations of the just compensation clause of the U.S. and Oregon Constitutions; alleges Defendants are subjecting her to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution; repeatedly references the "community caretaking doctrine;" and discusses the state's public policy in favor of maintaining parks for outdoor recreation, reasonable accommodations for disabled tenants, and the physical and psychological effects of domestic abuse. Furthermore, Plaintiff requests relief as may be appropriate under the All Writs Act, 28 U.S.C. § 1651; the Violence Against Women Act of 2013; and the Full Faith and Credit Provision. She also asks for $16,000 in wages for eight weeks of forced labor under 18 U.S.C. § 1589.

From these allegations, the Court is unable to discern a cognizable claim upon which relief can be granted. However, it is not absolutely clear that no amendment could cure the deficiencies in the complaint. Plaintiff's action should be dismissed under 28 U.S.C. § 1915(e)(2)(B) on the grounds that it fails to state a plausible claim for relief. If Plaintiff's action is dismissed and she is given leave to amend her complaint, the Court should order Plaintiff to draft a complaint with a short and plain statement of her claim or claims against Defendants in compliance with Rule 8(a) such that the Court and Defendants can determine the basis of Plaintiff's claims.

## RECOMMENDATION

For the reasons stated above, this action should be dismissed. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. See FED. R. CIV. P. 72, 6.

DATED this _____ day of October 2014.

_____

MARK D. CLARKE
United States Magistrate Judge